# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JONATHAN A. SLAIKEU, *et al.*,

        Plaintiffs,

v.

L. DEBOARD, Sgt. Superintendent, *et al.*,

        Defendants.

Case No. 3:23-cv-00118-SLG

## ORDER RE MOTION TO CLARIFY THE NINTH CIRCUIT'S ORDER

Before the Court at Docket 20 is Plaintiff Slaikeu's Motion to Clarify the Ninth Circuit's Order. The motion is GRANTED as follows: On May 14, 2025, the Ninth Circuit issued its mandate in this case, which returned jurisdiction to this Court. Mr. Slaikeu may file an amended complaint in this case **within 30 days of the date of this order** that attempts to state a claim against Spring Creek Correctional Center employees alleging retaliation, access to courts, and prisoner recreation claims when Mr. Slaikeu was housed at Spring Creek Correctional Center.

### I.    Plaintiff may only represent his own interests

On May 12, 2025, Plaintiff filed a Notice of Change of Address on behalf of himself and three other prisoners.[1] The Court previously denied Plaintiff's motion to add additional prisoner plaintiffs to his complaint and reminded him that he may

---

[1] Docket 21.

only represent his own interests.[2] The Ninth Circuit affirmed the dismissal of all claims on behalf of other prisoners.[3] Plaintiff may only bring claims affecting him personally in an amended complaint.

## II. Plaintiff's claims for injunctive relief are denied as moot

Plaintiff's claims involve events that allegedly occurred while he was detained at the Spring Creek Correctional Center ("Spring Creek").[4] He has since been transferred to the Anchorage Correctional Complex West.[5]

When a prisoner is transferred to another prison, his request for injunctive relief concerning conditions or policies at the prison from which he was transferred is generally considered moot absent evidence of an expectation that he will be transferred back to the facility where the alleged events occurred. Therefore, Plaintiff's requests for injunctive and declaratory relief are mooted by his transfer.[6] In any amended complaint, Plaintiff must not include claims for injunctive or declaratory relief based on the alleged events at Spring Creek. However, Plaintiff may file an amended complaint to pursue monetary damages if he can plead facts

---

[2] Docket 6 at 3-4 (denying Plaintiff's motion at Docket 4 requesting to add three additional prisoner plaintiffs and convert the case into a class action).

[3] Docket 18 at 1.

[4] Docket 1 at 1.

[5] Docket 21.

[6] *Preiser,* 422 U.S. at 402–03 (where prisoner challenges conditions of confinement and seeks injunctive relief, transfer to another prison renders request for injunctive relief moot absent evidence of an expectation that prisoner will be transferred back to offending institution); *Johnson v. Moore,* 948 F.2d 517, 519 (9th Cir.1991) (per curiam) (prisoner's injunctive relief claim against state prison official is moot following transfer to federal prison).

Case No. 3:23-cv-00118-SLG, *Slaikeu, et al. v. Deboard, et al.*
Order re Motion to Clarify the Ninth Circuit's Order
Page 2 of 8
Case 3:23-cv-00118-SLG   Document 23   Filed 05/19/25   Page 2 of 8

to support a plausible claim.

### III. Filing an Amended Complaint

Plaintiff is granted **60 days** to file an amended complaint concerning only his retaliation, access-to-courts, and prisoner recreation claims only. Any claim not included in the amended complaint will be considered waived. A complaint needs only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[7] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[8] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

---

[7] Fed. Rule Civ. Proc. 8(a)(2).

[8] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:23-cv-00118-SLG, *Slaikeu, et al. v. Deboard, et al.*
Order re Motion to Clarify the Ninth Circuit's Order
Page 3 of 8
Case 3:23-cv-00118-SLG     Document 23     Filed 05/19/25     Page 3 of 8

Although Plaintiff is being given an opportunity to file an amended complaint, he must not expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. If the amended complaint is dismissed as frivolous, malicious, or for failure to state a claim and this case is closed, it will count as a "strike" under 28 U.S.C. §1915(g), which may limit Plaintiff's ability to bring future cases under Section 1983 in federal court.

### IV. Plaintiff must pay the filing fee or file an updated application to proceed without prepaying the filing fee

Plaintiff's motion to proceed without prepaying the filing fee[9] was denied as moot when the Court dismissed this case as moot.[10] Therefore, should Plaintiff elect to file an amended complaint in this case, he must also either pay the filing fee of $405.00, or file a completed application to waive prepayment of the filing fee with a statement from his prison trust account for the past six months.[11] Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[12] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order on the collection of the filing fee.

### V. Plaintiff may only communicate with the Court in writing

The undersigned has received reports from Court staff that Plaintiff has

---

[9] Docket 3.

[10] Docket 11 at 3.

[11] Local Civil Rule 3.1.

[12] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 3:23-cv-00118-SLG, *Slaikeu, et al. v. Deboard, et al.*
Order re Motion to Clarify the Ninth Circuit's Order
Page 4 of 8
Case 3:23-cv-00118-SLG   Document 23   Filed 05/19/25   Page 4 of 8

made repeated and excessive phone calls to the Clerk's Office. During these calls, Plaintiff has persistently asked questions that clerical staff are not permitted to answer. Further, Plaintiff, on multiple occasions, has raised his voice, used inappropriate and disrespectful language, and demanded frequent updates in each of his pending cases. Such behavior is unacceptable and undermines the orderly administration of justice.

The Court has previously issued written warnings instructing Plaintiff to maintain decorum, act with professionalism, and adhere to standards of conduct consistent with those set forth in the Rules of Professional Conduct.[13] Despite these warnings, the volume and nature of Plaintiff's calls continues to be disruptive, abusive, and excessive. Therefore, in the interest of protecting court staff and preserving the integrity of court operations, **Plaintiff is ordered to cease all telephonic communication with the Clerk's Office, effective immediately.**

From the date of this order, Plaintiff must only communicate with the Court in writing. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a motion, with an appropriate caption designating the name of the motion.[14] Plaintiff may only write to the Clerk's office to request copies of the Court's template forms. Such written

---

[13] *See, e.g., Slaikeu v. Anderson, et al.,* Case No. 3:22-cv-00196-JMK, Docket 25 at 8-9 (notifying Plaintiff that repetitive calls to the Court will not expedite Plaintiff's case and unnecessarily expends the Court's limited resources and strongly cautioning Plaintiff to reconsider his decorum choices).

[14] *See* D. Alaska L. Civ. R. 5.1(f); D. Alaska L. Civ. R 7.4(c)

Case No. 3:23-cv-00118-SLG, *Slaikeu, et al. v. Deboard, et al.*
Order re Motion to Clarify the Ninth Circuit's Order
Page 5 of 8

Case 3:23-cv-00118-SLG    Document 23    Filed 05/19/25    Page 5 of 8

requests must be limited in scope, specific in nature, and respectful in tone.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion at Docket 20 is granted to the extent that Plaintiff is accorded **60 days** from the date of this order to file an amended complaint that attempts to state a claim against Spring Creek Correctional Center employees alleging retaliation, access to courts, and prisoner recreation claims when Mr. Slaikeu was housed at Spring Creek Correctional Center.

2. The Clerk shall terminate all prisoner plaintiffs other than Mr. Slaikeu. Plaintiff must not attempt to bring claims on behalf of any other prisoner and must not request to represent a class.

3. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. Second Amended Complaint, in which Plaintiff revises his retaliation, access-to-courts, and prisoner recreation claims only. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. Notice of Voluntary Dismissal, in which Plaintiff elects to close and end this case.

4. If Plaintiff chooses to file an amended complaint, he must either pay the filing fee of $405.00 or file a completed application to waive prepayment of the filing fee. The application to waive prepayment of the filing fee must be completed, signed, and include a copy of the prisoner's trust account statement and include a copy of the prisoner's trust account statement for the past six months.

Case No. 3:23-cv-00118-SLG, *Slaikeu, et al. v. Deboard, et al.*
Order re Motion to Clarify the Ninth Circuit's Order
Page 6 of 8
Case 3:23-cv-00118-SLG    Document 23    Filed 05/19/25    Page 6 of 8

5. If Plaintiff does not file either a Second Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.

6. If Plaintiff fails to pay the filing fee or file an application to waive prepayment in accordance with this order, this case will be dismissed without further notice to Plaintiff.

7. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[15] Failure to comply may result in dismissal of this action.

8. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[16] The Notice shall not include requests for any other relief.

---

[15] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[16] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's

Case No. 3:23-cv-00118-SLG, *Slaikeu, et al. v. Deboard, et al.*
Order re Motion to Clarify the Ninth Circuit's Order
Page 7 of 8

Case 3:23-cv-00118-SLG    Document 23    Filed 05/19/25    Page 7 of 8

A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

10.  With this order, the Clerk shall include a copy of form PS01 (Prisoner Civil Rights Complaint), form PS10 (Prisoner's Application to Waive Prepayment of the Filing Fee), and the Order of Dismissal entered at Docket 11 in this case that identified the deficiencies with the original complaint in this action, among other cases.

11.  Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[17]  Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

**12.  Any future communication with the Court by Plaintiff must be in writing.**

DATED this 19th day of May, 2025, at Anchorage, Alaska

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

current address and telephone number").

[17]  Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:23-cv-00118-SLG, *Slaikeu, et al. v. Deboard, et al.*
Order re Motion to Clarify the Ninth Circuit's Order
Page 8 of 8
Case 3:23-cv-00118-SLG     Document 23     Filed 05/19/25     Page 8 of 8